UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES RAMSEY, JR.

Petitioner

vs.

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO. 1:CV-05-1476

(Judge Caldwell)

FILED
HARRISBURG, PA
MAY 2 2 2006
MARY E. D'ANDREA, CLERK
Per ______ Deputy Clerk

*M E M O R A N D U M*

Petitioner, Charles Ramsey, Jr., is a federal inmate incarcerated at USP-Canaan, in Waymart, Pennsylvania.[1] On December 29, 2003, Ramsey was sentenced in the United States District Court for the District of Vermont for various drug-related offenses and ordered to serve seventy-seven months' incarceration. In July 2005, Petitioner filed a Motion for Reduction of Sentence with the sentencing court seeking to have his sentence reduced as "the lengthy sentence imposed is not assisting [him] in any rehabilitative way, since FCI-Allenwood has no residential drug counseling [sic]." (Doc. 1, Attachment 1, Motion for Reduction of Sentence). Ramsey also asks that

---

[1] Ramsey was housed at FCI-Allenwood from January 28, 2004, through March 10, 2005, when he was transferred to USP-Canaan. Ramsey's security designation and custody classification were not affected by this transfer. (*See* Doc. 8-2, Exhibits to Respondent's Response to Petition for Writ of Habeas Corpus, Exhibit 1, Declaration of K. Michael Sullivan, ¶ 8).

several criminal charges that were non-prossed be removed from the Bureau of Prisons' records as they impede his participation in "self improvement and self-advancement" institutional programming. (*Id.*)

The United States District Court for the District of Vermont, considering Ramsey's motion to challenge the execution of his sentence by the Bureau of Prisons ("BOP"), recharacterized the filing as a petition brought pursuant to 28 U.S.C. § 2241, and transferred it to this district.

In September 2005, in response to a Show Cause Order, Respondent filed a Response to the Petition for Writ of Habeas Corpus. (Doc. 8). Respondent claimed that Ramsey had not exhausted his administrative remedies related to the expungement of the disputed criminal charges from his BOP records. Respondent offered the Declaration of K. Michael Sullivan, a Senior Attorney at FCC-Allenwood, Pennsylvania, in support of this assertion. (*See* Doc. 8-2, Exhibits to Respondent's Response to Petition for Writ of Habeas Corpus, Exhibit 1, Declaration of K. Michael Sullivan, ¶ 19). Ramsey has not filed a traverse in this matter, and thus, does not dispute Respondent's charges regarding his inadequate exhaustion efforts.

In late November 2005, Respondent filed a "Notice of Mootness." (Doc. 9). Respondent claims that in August 2005,

Ramsey received an invitation to participate in a Residential Drug Abuse Program ("RDAP"). Successful completion of the RDAP program allows certain inmates the opportunity to reduce their sentences by up to twelve months as authorized by 18 U.S.C. § 3621(e)(2)(B). (*Id.*) Unfortunate for Ramsey, even if he participated in the program, for various reasons he is ineligible for early release consideration. (*Id.*) As a result, Ramsey withdrew his application for participation in the RDAP program as it "would not prove beneficial to [his] cause." (Doc. 9, Exhibits to Notice of Mootness, Exhibit 1, Declaration of Thomas DiPaola, Attachment 1, Ramsey's Inmate Request to Staff Member; and Attachment 2, Signed Change in Drug Abuse Treatment Program Status Memorandum dated 09/26/05). Again, Ramsey did not file a response to Respondent's filing.

Based upon the above uncontested information, the Court will dismiss Ramsey's petition for the following reasons: (1) Ramsey failed to exhaust his available administrative remedies prior to initiating his habeas petition under 28 U.S.C. § 2241;[2]

---

[2] "Federal prisoners are ordinarily required to exhaust their administrative remedies *before* petitioning for a writ of habeas corpus pursuant to § 2241 ." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)(emphasis added); *see also Ridley v. Smith*, No. 04-4273, 2006 WL 1168780 (3d. Cir. May 3, 2006), *citing Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). The doctrine of exhaustion of administrative remedies is well established and a person is not entitled to judicial relief (continued...)

and (2) Ramsey was granted the relief he sought to attain via his petition - the removal of obstacles to his participation in a residential drug counseling program. His choice to decline participation in the program renders his petition moot.[3]

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 22, 2006

[2](...continued)
until the prescribed remedy has been exhausted. *See Arias v. U.S. Parole Comm.*, 648 F.2d 196, 199 (3d Cir.1981)(holding that administrative remedies must be exhausted before seeking relief in federal court).

[3] *See County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir.2001)("when developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES RAMSEY, JR. | : | |
| | : | |
| Petitioner | : | |
| | : | CIVIL NO. 1:CV-05-1476 |
| vs. | : | |
| | : | (Judge Caldwell) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

*O R D E R*

AND NOW, this 22nd day of May, 2006, it is Ordered that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DENIED.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

FILED
HARRISBURG, PA
MAY 22 2006
MARY E. D'ANDREA, CLERK
Per Deputy Clerk